```
_____
                                )
FRELIMO SIMBA,                  )
                                )
          Plaintiff,            )
                                )
          v.                    )    Civil Action No. 08-1692 (RWR)
                                )
ADRIAN FENTY, et al.,           )
                                )
          Defendants.           )
_____ )
```

## MEMORANDUM OPINION AND ORDER

The plaintiff, Frelimo Simba, brought suit against Mayor
Adrian Fenty and Fire Department Chief Dennis Rubin in their
official capacities, and against the District of Columbia
alleging unlawful discrimination during Simba's employment as a
fire fighter with the District of Columbia Fire and Emergency
Medical Service Department.  The defendants move to dismiss the
amended complaint, arguing that a suit against only the District
of Columbia and not against the individual defendants in their
official capacities is proper, that Simba failed to exhaust his
administrative remedies and failed to allege in his amended
complaint facts entitling him to injunctive relief, and that
Simba failed to serve the District of Columbia with his amended
complaint.  Because the claims against Fenty and Rubin are
unnecessary, but Simba provides sufficient proof that he
exhausted his administrative remedies and served the amended
complaint, and the defendants' request to dismiss a prayer for

relief is baseless, the defendants' motion to dismiss will be granted in part and denied in part.

BACKGROUND

Simba is a black male employed by the District of Columbia Fire and Emergency Services Department. In 2006, Simba, then serving as a fire fighter, responded to a "'man down' call" but the patient died two days later. (Am. Compl. ¶ 11.) The D.C. Office of the Inspector General found that the department "committed multiple failures" in response to that call. (Id. ¶ 18.) As a result, the department placed Simba on administrative duty and charged him "with obstructing a Department investigation and violating medical protocols[.]" (Id. ¶¶ 19-20.) In 2007, Rubin issued a letter stating that Simba's employment with the department would be terminated, but the Superior Court blocked the termination.

Simba thereafter filed a formal administrative complaint of discrimination. Following that complaint, Simba was involuntarily reassigned to the Office of Risk Management. Simba alleges that the reassignment was in retaliation for his filing the discrimination complaint and deprived him of the ability to collect overtime and secure part-time employment. Simba further alleges that since the reassignment, he has been subjected to a discriminatory hostile work environment.

Simba filed this action in October of 2008.  The amended complaint seeking damages and injunctive relief was docketed in December of 2008.  The defendants moved on February 2, 2009, to dismiss Simba's amended complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that claims against the two individual defendants named in their official capacities are duplicative of those against the District of Columbia; that Simba failed to exhaust his administrative remedies before filing this suit; that there are no facts alleged that, if proved, would entitle Simba to injunctive relief; and that Simba did not serve the District of Columbia with the amended complaint.  (Defs.' Mot. to Dismiss at 1.)

<u>DISCUSSION</u>

Rule 12(b)(6) allows dismissal of a complaint where a plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When a complaint is challenged under Rule 12(b)(6), a court must discern whether a complaint "contain[s] sufficient factual matter, acceptable as true, to state a claim to relief that is plausible on its face." <u>Perry v. Scholar</u>, 696 F. Supp. 2d 91, 93 (D.D.C. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)) (internal quotation omitted).  For a claim to be facially plausible, the complaint must contain "factual content that allows the court to draw the reasonable inference that the [defendants are] liable

for the misconduct alleged." Id.  For purposes of a Rule 12(b)(6) motion, "[t]he complaint must be construed in the light most favorable to the plaintiff and 'the court must assume the truth of all well-pleaded allegations.'"  Id. (quoting Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004)).

I.  OFFICIAL CAPACITY DEFENDANTS

"Claims brought against government employees in their official capacity are treated as claims against the employing government and serve no independent purpose when the government is also sued.'"  Hardy v. Dist. of Columbia, 601 F. Supp. 2d 182, 186-87 (D.D.C. 2009) (internal quotation and citation omitted); see Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 690 n.55 (1978).  Claims brought against individuals in their official municipal capacities that are brought simultaneously against the municipality employing the officials are dismissed as duplicative.  See, e.g., Robinson v. District of Columbia, 403 F. Supp. 2d 39, 49 (D.D.C. 2005); Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997).

Here, Simba asserts all of his claims against all three defendants.  His action, then, is in essence an action against the District of Columbia.  As the District of Columbia is, in effect, the real party being sued, all claims against Fenty and Rubin will be dismissed.

II. EXHAUSTION

"'Title VII requires that a [non-federal employee] complaining of a violation file an administrative charge . . . and allow the [responding] agency time to act on the charge. Only after the [agency] has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself.'"  Browne v. Potomac Elec. Power Co., Civil Action No. 05-1177 (RWR), 2006 WL 1825796 at *2 (D.D.C. July 3, 2006) (quoting Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995)).

The defendants contend that Simba failed to allege that he exhausted his administrative remedies and received a right to sue letter before filing suit in this court.  (Defs.' Mem. at 6-7.) Reading the amended complaint in the light most favorable to Simba, however, establishes the opposite.  Simba specifically alleges that he pursued an administrative resolution.  (See, e.g., Am. Compl. ¶¶ 3-6, 62, 82.)  Indeed, Simba claims that he was discriminated against *because* he sought out administrative relief.  While these assertions seem sufficient on their own, Simba has also submitted a copy of his right to sue letter as proof of total exhaustion.  (Pl.'s Opp'n Ex. 2.)  Simba has sufficiently pled and established that he has exhausted his administrative remedies.

III. INJUNCTIVE RELIEF

Defendants also move to dismiss the amended complaint's request for injunctive relief, arguing that injunctive relief is permissible only in extreme circumstances, and that the amended the complaint fails to allege sufficient extreme conduct to justify injunctive relief. (Defs.' Mem. at 7-8.) However, "injunctive relief is not a claim but a remedy," making a motion to dismiss under Rule 12(b)(6), as opposed to a motion to strike under Rule 12(f), an inappropriate method of challenge. Corral v. Homeeq Servicing Corp., No. 2:10-cv-00465, 2010 WL 3927660, at *7 (D. Nev. October 6, 2010); see also Jumpfly, Inc. v. Torling, No. 10-C-0385, 2010 WL 1978732, at *1 (N.D. Ill., May 17, 2010).

The defendants would fare no better if their request were treated as a motion to strike the prayer for injunctive relief. "The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion." Pinnacle Airlines, Inc. v. National Mediation Bd., Civil Action No. 03-1642 (ESH), 2003 WL 23281960, at *1 (D.D.C. Nov. 5, 2003) (citing Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 665 (7th Cir. 1992) and Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988)). Under Rule 12(f), any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" may be stricken "in order to avoid the time, effort, and expense necessary to litigate spurious issues.'" Nwachukwu v. Karl, 216

F.R.D. 176, 178 (D.D.C. 2003).  However, "[a] defendant's motion
to strike a prayer for relief is premature if such relief is
provided for by law."  Jumpfly, 2010 WL 1978732, at *4 (citing
Aspen Marketing Services, Inc. V. Russell, No 09-C-2864, 2009 WL
4674061, at *2 (N.D. Ill. December 3, 2009)).  Here, since Title
VII specifically provides for injunctive relief, see Porter v.
United States Agency for Int'l Dev., 240 F. Supp. 2d 5, 8 (D.D.C.
2002), a request to strike the amended complaint's prayer for
injunctive relief would be denied as well.

IV.  SERVICE

     Defendants argue that Simba failed to serve the amended
complaint upon the District of Columbia.  In order to serve a
state or local government, an individual must either "(A)
deliver[ ] a copy of the summons and of the complaint to its
chief executive officer; or (B) serv[e] a copy of each in the
manner prescribed by that state's law."  Fed. R. Civ. P. 4(j)(2).
Under District of Columbia law, the Mayor is entitled to
designate an employee for receipt of service of process upon the
District of Columbia.  D.C. Superior Ct. R. 4(j)(1).  The Mayor
has designated the Secretary of the District of Columbia as his
agent for service of process and empowered the Secretary to
designate personnel upon whom service may be made.  (Defs.' Mot.
to Dismiss at 8-9.)  The Secretary has designated four employees,

including Abby Frankson, as authorized to receive process. (<u>Id.</u> at 9.)

Simba contends that the District of Columbia was served with the amended complaint on February 9, 2009, one week after the defendants moved to dismiss the complaint. Simba has provided a copy of an affidavit from non-party Robert Storms that he served the amended complaint upon Frankson on February 9, 2008. (Pl.'s Opp'n, Ex. 1.) The 2008 entry was an obvious and harmless typographical error that does not undermine proof of service. <u>See</u> <u>United States v. Price</u>, 914 F.2d 1507, 1513 n.10 (D.C. Cir. 1990) (refusing to set aside a forfeiture of cash where a supporting affidavit erroneously alleged a vehicle confiscation because it was an "obvious and harmless clerical error"). The original complaint had not even been filed yet in February 2008. The affidavit was sworn to and notarized on February 11, 2009, two days after the service Simba argues occurred on February 9, 2009. The affidavit also clearly identifies the current case, both by caption and by case number. It specifically refers to service of the *amended* complaint (<u>id.</u>), and only one amended complaint exists in this action. Finally, the defendants have not filed any reply challenging the evidence that the District of Columbia was served on February 9, 2009. Proof of service has been established.

## CONCLUSION AND ORDER

Simba has demonstrated that he pursued administrative remedies, received a right to sue letter, and served the amended complaint upon the District of Columbia. Moreover, the defendants' request to dismiss the prayer for injunctive relief is baseless and would be premature if treated as a request to strike the prayer. However, the claims against the individual defendants sued in their official capacity will be dismissed as duplicative of those brought against the District of Columbia. Accordingly it is hereby

ORDERED that the defendants' motion to dismiss be, and hereby is, GRANTED in part and DENIED in part. Defendants Fenty and Rubin are dismissed from the case. The remainder of the motion is denied.

SIGNED this 7th day of December, 2010.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge